IN THE UNITED STATES BANRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:  Daniel Kent Narcomey                                   Case No. _____
         xxx-xx-7709

## CHAPTER 13 PLAN

### NOTICES

**YOUR RIGHTS <u>WILL</u> BE AFFECTED BY THIS PLAN**.  You should read this and other documents sent to you carefully, and discuss them with your attorney. Any party opposing any provision of this plan or any motion below must file a written objection by the date first set for the meeting of creditors.

**IF YOU OBJECT TO CONFIRMATION,** you must file a written objection.  This plan may be confirmed and the motions below granted WITHOUT FURTHER NOTICE unless timely objection to the motion(s) or confirmation is filed.  If you hold a secured claim, this Plan is notice that your lien may be voided or modified as herein noted if you do not object.

**THIS PLAN DOES NOT ALLOW CLAIMS.**  You must file a proof of claim to be paid under any plan that may be confirmed.

**1. <u>ADMINISTRATION:</u>**
Debtor's Address:   305 E 15th Place, Lawrence, KS 66044
**a) Plan Payment:**
1) Employer Pay: **$170 biweekly by employer:  State of Kansas, 900 SW Jackson Street, Landon Bldg-Rm 351S, Topeka, KS 66612** by Debtor.
2) Debtor shall make the first payment to the Trustee no later than 30 days after commencement of the case.
3) In the event the case is dismissed prior to confirmation, pre-confirmation attorney fees shall be paid from funds available to the extent possible.
4) "Funds available", as this Plan uses the term, is cash tendered by or on behalf of the Debtor, in the possession of the Trustee, and ready for disbursement in this case.
5) Debtors consent in advance to any increase or decrease in the monthly amount required to maintain the Plan's feasibility.

**b) <u>Administrative Costs:</u>**
1) The filing fee of $274 has not been paid.
2) The Plan shall pay Attorney's pre-confirmation fees of $2499 in full.
3) The Plan shall pay Attorney's post-confirmation fees upon motion to and approval of the Court.
4) The Plan will pay outstanding Attorney's fees at the rate of 50% of the gross proceeds of the Plan until satisfied. The Plan will reduce attorney fees if necessary to pay minimum adequate protection payments to creditors, or to make necessary payments to Domestic Support Obligations.
5) The Trustee's fee shall be paid through the Plan at the Trustee's rate currently applicable, to be modified as required.

**<u>c) The Plan will pay claims in the following order:</u>**
**2. <u>PRIORITY CLAIMS</u>**

10-23346

**a) Priority Prepetition Domestic Support Obligation (DSO) Claims**:
1) The Debtors shall make direct payments on current and delinquent DSO obligations, unless the Plan provides for special treatment.
2) **DEBTORS ARE REQUIRED TO KEEP RECORDS OF ALL PAYMENTS THEY MAKE ON DOMESTIC SUPPORT OBLIGATIONS AFTER THE DATE OF FILING**

| DSO CREDITOR (first name only if individual) | NATURE OF OBLIGATION | CURRENT MONTHLY PAYMENT AMOUNT | ARREARAGE |
|---|---|---|---|
| NONE | | | |
| | | | |

**b) Priority non DSO Claim**
To be paid in full through the Plan.

| PRIORITY CREDITOR | TYPE OF PRIORITY | ESTIMATED SCHEDULED AMOUNT |
|---|---|---|
| NONE | | |
| | | |
| | | |

3. **SECURED CLAIMS**

**a) Claim Secured by Residence:**
1) The Plan will pay pre-petition arrearages, at 0% interest, due and owing on the day of filing.
2) The Plan will pay current mortgage payments if there is an arrearage, as they come due, at the contract rate of interest. The Plan will treat these payments as "conduit" payments pursuant to Standing Order 08-03.
3) The Plan payment will include amounts to be paid into escrow.
4) In the event the monthly conduit payment changes due to either changed escrow requirements or a change in an adjustable interest rate, the Plan payment to the Trustee shall change by the same amount, plus the Trustee's fee.
5) It is presumed that the real property collateralizing the loan is not subject to depreciation. Unless the creditor objects, no adequate protection payments will be made on the claim.

| CREDITOR | TYPE OF CLAIM | PRINCIPAL BALANCE | ESTIMATED ARREARAGE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| NONE | | | | | |
| | | | | | |

**c) "Hanging Paragraph" Claims: 910-Day vehicle claims and claims secured by personal property less than one year prior to filing**:

The following debts were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle or (2) incurred within one year before the petition date and secured by a purchase money security interest in any other thing of value. The Plan will pay each claim listed in this category as follows:
1) The "scheduled amount" is the payoff amount due and owing under the purchase agreement as of the date of filing, for the purchase money portion of the claim only. It is the estimated PMSI portion of the debt.
2) Negative equity, GAP insurance, cash out, and other financed costs not related directly to the purchase price of the vehicle shall not be paid by the Plan, except as a general unsecured claim.
3) The Plan WILL pay any pro-rated portion of any extended warranty or service plans.
4) A duly verified proof of claim will control the amount due, subject to objection by another party.
5) The "value" is the present retail fair market value of the collateral considering its age and condition.
6) The Plan shall pay the scheduled amount as of the date of filing, at the Trustee's (or "Till") rate of interest

| Creditor | Collateral | Scheduled Amount | Date Incurred | Value | Equal Monthly Payment (Representing Adequate Protection) | Special Treatment |
|---|---|---|---|---|---|---|
| NONE | | | | | | |
| | | | | | | |

**c) 506 Secured Claim**:
1) The Plan will pay the lesser of: the value of the collateral as listed in the Plan, the value of the collateral as listed in the creditor's proof of claim, or the amount of the claim as listed in the creditor's proof of claim.
2) The excess of creditors' secured claim shall be treated as an unsecured claim.
3) The Plan will pay the Trustee's rate of interest on the claim.

| Creditor | Collateral | Estimated Claim | Date Incurred | Value | Equal Monthly Payment (Representing Adequate Protection) | Special Treatment |
|---|---|---|---|---|---|---|
| Best Buy | **Flatscreen Television** | $1,214 | | $500 | $10 | NONE |
| | | | | | | |

**d) Secured claim to be surrendered or abandoned**:
1) The Plan will make no payments on the claim. The Plan shall allow a general unsecured claim for any deficiency.
2) If the Debtor is in possession of the collateral, the Debtor will timely tender the collateral upon receipt of written instructions, to the Debtor's attorney, concerning the time, place, and manner of the surrender.
3) If Debtor is not in possession of the collateral, Debtor abandons any interest in the collateral.

| Creditor | Collateral | Estimated Claim | Value | Debtor In Possession? |
|---|---|---|---|---|
| Chase Mortgage | 120 Florida Street, Lawrence, KS | $89,000 | $130,000 | No |
| Commerce Bank | 120 Florida Street, Lawrence, KS | $25,918 | $130,000 | No |

**e) Lien to be avoided:**
1) Debtor(s) will file a motion to avoid the lien securing the claim.
2) Debtor will retain the collateral.
3) The Plan shall treat the obligation as a general unsecured claim.

| Creditor | Collateral | Estimated Claim | Value |
|---|---|---|---|
| NONE | | | |

### 4. SPECIAL CLASS UNSECURED CLAIMS

**a) Cosigned loan:** The Plan will pay the full amount of the claim as set out in the proof of claim, at the contract rate of interest, to protect the nonfiling codebtor.

| Creditor | Co-Obligor | Estimated Claim | Estimated Interest Rate |
|---|---|---|---|
| NONE | | | |

**b) Dishonored Checks Tendered Less Than 5 Years Before Filing**: The Plan will pay the face value, plus a $30 service fee, at 0% interest, for all NSF checks tendered less than five years prior to the filing date of this case. **EXCEPTION: The Plan will not pay** post-dated checks tendered to payday loan agencies. Debtor reserves the right to exclude any NSF check from payment through the Plan, by filing an objection to the claim filed by the NSF creditor. The following is a non-exclusive list of those checks scheduled to be paid through the Plan:

| Creditor | Face Value + Service Fee |
|---|---|
| NONE | |
| | |
| | |
| | |
| | |
| | |
| | |

**c) Necessary Service Provider:** The Plan will pay the prepetition claim as filed in the proof of claim, at 0% interest, to preserve the ability to obtain postpetition services from the creditor, or to preserve a relationship necessary for the affairs of the Debtor(s). Such treatment is necessary to keep the Plan feasible.

| Creditor | Description | Estimated Claim |
|---|---|---|

| NONE | | |
|------|--|--|

**d) Student Loan:**
The Plan will disburse to the obligation in the manner of a general unsecured claim. The Debtor will have the option, when possible, to make interest only payments directly to the creditors to prevent inflation of the principle.

| Creditor | Description | Estimated Claim |
|----------|-------------|-----------------|
| NONE | | |

**e) Other:** The Plan will pay the following unsecured claims in the following manner:

| Creditor | Description | Estimated Claim |
|----------|-------------|-----------------|
| NONE | | |

5. **GENERAL UNSECURED CLAIMS**

    a) **Liquidation Value of Nonexempt Property**: The liquidation value of the debtor's nonexempt property is less than the administrative fees and priority claims to be paid through the case and the plan does not propose to pay in the value of that property.

**b) General non-priority unsecured claims pool**:
1) The Debtor is above the median income.
2) The minimum Plan length is 5 years.
3) The Debtor shall pay sufficient funds to provide a residual pool of **$18,993** ("Unsecured Pool"). Payments to unsecured priority and general creditors, not otherwise provided for in this Plan, will be made from this pool. The unsecured creditors will receive all funds remaining in the Unsecured Pool after satisfaction of all allowed priority claims, including attorney fees.

6. **OTHER PROVISIONS:**

**a) Direct Payment:** The Debtor will pay the following obligations directly, outside the Plan.

| CREDITOR | NATURE OF OBLIGATION | REASON FOR DIRECT PAYMENT |
|----------|----------------------|---------------------------|
| NONE | | |
| | | |

**b) Executory Contracts and Unexpired Leases**

- ASSUME: Debtor will pay the contract directly.
- REJECT: Debtor will cancel the contract effective the date of filing.

| CREDITOR | NATURE OF OBLIGATION | TREATMENT UNDER PLAN |
|----------|----------------------|----------------------|

| NONE | | |
|------|--|--|
|      | | |
|      | | |

 **(c) Account Balance Advices:**
> Secured creditors and lessors to be paid directly by the Debtor shall continue to mail to Debtor the customary monthly notices or coupons notwithstanding the automatic stay.


Prepared By:


s/Christopher R. Coons
Christopher R. Coons #19408
PO Box 3407
Lawrence, KS 66046
(785) 856-8720
(785) 856-8727 FAX